# IN THE STATE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| JANICE BROWN<br><br>    Plaintiff<br><br>v.<br><br>GOLDEN PARTNERS, LLC, and MURIEL CROSBY POWELL,<br><br>    Defendants | CIVIL ACTION NO.<br>3:19-CV-16-TCB |

## DEFENDANTS' MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER FROM, PLAINTIFF'S SUBPOENA TO ANTARES GROUP, INC.

**GOLDEN PARTNERS, LLC AND MURIEL CROSBY POWELL** ("Defendants") named as Defendants in the above-captioned matter, move this honorable Court to quash Plaintiff's subpoena to the Antares Group Inc. ("Antares Group"), or in the alternative, grant Defendants a protective order from Plaintiff's subpoena to the Antares Group.

On August 8, 2019, Plaintiff Janice Brown ("Plaintiff'") filed a Notice of Subpoena indicating her intent to serve a subpoena on Antares Group, Inc. (Doc. 50). The Antares Group provides accounting services to Defendants. The Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Antares Group ("Subpoena") requests:

> All written and electronic communications between (1) Antares Group, Inc., and (2) Muriel Powell, Golden Partners, LLC, or any employee or agent of Golden Partners, LLC, from Dec. 1, 2016 through January 31, 2017. This request includes, but is not limited to, emails sent to and received by Lisa Austin.

On August 15, 2019, Defendants' counsel and Plaintiff's counsel had a telephone conference regarding Defendants' concerns regarding the Subpoena. Counsel were unable to reach a resolution to these concerns.

The Subpoena's request for an unlimited scope of communications between Defendants and their accountants, albeit for a limited amount of time, is objectionable under Federal Rule of Civil Procedure 26's overarching requirement of relevance. Fed. R. Civ. P. 26(b)(1). The subpoena gives no indication why communications from this time period with Golden Partners' accountant have any relevance whatsoever to Ms. Brown's claims of retaliation and violation of the minimum wage under the Fair Labor Standards Act ("FLSA") and state law claims of malicious prosecution. There is no cognizable connection between the documents requested in the Subpoena and Plaintiff's FLSA claims. It is similarly unclear how communications between Defendants and their accountants could have any relevance to Plaintiff's argument that the Coweta County Sheriff's Department lacked probable cause when it arrested Plaintiff for theft. There has been no indication that Antares Group had any involvement in the Coweta County

Sheriff's investigation into Plaintiff's theft. "When relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request." Smith v. Pefanis, 2008 WL 11333335, at *4 (N.D. Ga. Oct. 30, 2008) (internal quotation marks omitted). Here, Plaintiff's counsel have not shown the relevance of the discovery sought and Plaintiff should be prohibited from engaging in a fishing expedition at the expense of Defendants and their accountants.

The subpoena is also objectionable under Federal Rule of Civil Procedure 45 because it implicates confidential business information and possible trade secrets. Fed. R. Civ. P. 45(c)(3)(B); Precision Aviation Grp., Inc. v. Prime Indus., Inc., No. 1:16-CV-3182-TCB, 2017 WL 2903361, at *2 (N.D. Ga. June 16, 2017) ("[T]he Court is permitted to quash a subpoena that calls for the production of trade secrets or other confidential business information. Additionally, a subpoena may be quashed if it calls for clearly irrelevant matter.") (internal quotation marks omitted). Here, the broad scope of the requests implicate the confidential business information and possible trade secrets of both Defendants and the Antares Group as it requests ***all communications*** between the two entities for a certain amount of time. This extremely broad request could implicate the inner workings of both businesses in a way that is not proportional to the needs of this case. Both Defendants and the Antares Group derive economic value from the confidentiality

3

of their communications. See Fadalla v. Life Auto. Prod., Inc., 258 F.R.D. 501, 506 (M.D. Fla. 2007), on reconsideration in part, 2008 WL 68594 (M.D. Fla. Jan. 4, 2008).

For the reasons outlined above, the Defendants respectfully request that the Court quash the Subpoena, or in the alternative, enter a protective order forbidding the discovery sought.

Respectfully submitted this 19th day of August, 2019.

**HALL BOOTH SMITH, P.C.**

/s/ Allison C. Averbuch
H. Eric Hilton
Georgia Bar No. 355417
Allison C. Averbuch
Georgia Bar No. 275988

191 Peachtree Street, N.E.  *Counsel for Defendants*
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
ehilton@hallboothsmith.com
aaverbuch@hallboothsmith.com

67577786-1

4

# IN THE STATE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| JANICE BROWN<br><br>    Plaintiff<br><br>v.<br><br>GOLDEN PARTNERS, LLC, and MURIEL CROSBY BROWN<br><br>    Defendants | CIVIL ACTION NO.<br>3:19-CV-16-TCB |

## **CERTIFICATE OF COMPLIANCE WITH RULE 5.1**
## **AND CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document was prepared using Times New Roman 14-point font, one of the fonts and typeface sizes allowed under Rule 5.1.

I, the undersigned, further certify that I have this day served a copy of the foregoing document upon counsel for Plaintiff via the Electronic Case Filing System, which automatically sends notice to the following:

Charles R. Bridgers, Esq.
Matthew W. Herrington, Esq.
101 Marietta Street, NW
Suite 3100
Atlanta, Georgia 30303

Respectfully submitted this 19th day of August, 2019.

**HALL BOOTH SMITH, P.C.**

<u>*/s/ Allison C. Averbuch*</u>
H. Eric Hilton
Georgia Bar No. 355417
Allison C. Averbuch
Georgia Bar No. 275988

191 Peachtree Street, N.E.           *Counsel for Defendants*
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
ehilton@hallboothsmith.com
aaverbuch@hallboothsmith.com