IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANICE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | |
| ) | No. 3:19-cv-00016-TCB |
| GOLDEN PARTNERS, LLC and ) | |
| MURIEL CROSBY POWELL, ) | |
| ) | |
| Defendant. ) | |

**NON-PARTY ANTARES GROUP, INC.'S OBJECTIONS
TO SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, non-party Antares Group, Inc. ("Antares") objects to the "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" ("Subpoena"), served on August 14, 2019, as set forth below.

GENERAL OBJECTIONS

1.

Antares objects to producing documents that contain or constitute communications with Golden Partners, LLC or any member, employee or agent thereof, including Muriel Powell, that are protected against disclosure by the

accountant-client privilege, as codified in O.C.G.A. § 43-3-29(b), which provides in pertinent part:

> All communications between a certified public accountant or employee of such certified public accountant acting in the scope of such employment and the person for whom such certified public accountant or employee shall have made any audit or other investigation in a professional capacity and all information obtained by a certified public accountant or such an employee in his or her professional capacity <u>concerning the business and affairs of clients shall be deemed privileged communications in all courts or in any other proceedings whatsoever; and no such certified public accountant or employee shall be permitted to testify with respect to any of such matters</u>, except with the written consent of such person or client or such person's or client's legal representative. . . .

(emphasis added) (omitted language specifying exceptions not applicable here).

2.

Antares objects to producing documents that contain or constitute private and confidential information or records of third parties, including employees or agents of Golden Partners, LLC who have no connection to the subject matter of the pending lawsuit and whose private and confidential employment or personal information is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Even if a subset of this information were minimally relevant, the privacy interests of such third parties in the information would substantially outweigh any alleged basis for disclosing it.

3.

Antares objects to producing documents that contain or constitute confidential, private, proprietary or commercially sensitive information of Antares or its client, Golden Partners, LLC, without a sufficient showing of the relevance of such information and, if relevant, without the confidentiality of such information being protected by an appropriate confidentiality agreement, preferably in the form of a consent protective order.

4.

Antares is informed and believes that Defendants are challenging the propriety or scope of the Subpoena. Antares' counsel informed Plaintiff's counsel that Defendants anticipated filing a motion to quash the Subpoena and, in the event they did so, asked Plaintiff's counsel to extend the time within which Antares would be required to respond to the Subpoena until after there had been a ruling on any such motion to quash. Notwithstanding Rule 45(d)(1), which specifies that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Plaintiff's counsel refused to cooperate, thereby forcing Antares to serve objections and subjecting it to undue burden and expense in violation of Rule 45.

5.

Antares objects to the Subpoena on the grounds that Antares, as a non-party, should not be obliged to undertake a burdensome search to provide information, including electronically-stored data, if it is available from a party to the litigation or another source that it is more convenient, less burdensome or less expensive. Here, the Subpoena seeks communications with Defendants, who are parties to the litigation and more knowledgeable about the matters in issue.

6.

Antares objects to producing documents at the offices of DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC, 101 Marietta Street NW, Suite 2650, Atlanta, Georgia 30303, because transporting responsive documents to another location for inspection and copying would be unduly burdensome. Any documents to be produced will be produced at the law offices of Brooks & Warner LLC, 1768 Century Boulevard NE, Suite B, Atlanta, Georgia 30345 at a mutually-agreeable date and time.

The following response is made subject to these General Objections, which are incorporated by reference therein.

## SPECIFIC RESPONSE

Request

The Subpoena commands Antares to produce

the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All written and electronic communications between (1) Antares Group, Inc., and (2) Muriel Powell, Golden Partners, LLC, or any employee or agent of Golden Partners, LLC, from Dec. 1, 2016 through January 31, 2017.  This request includes, but is not limited to, emails sent to and received by Lisa Austin.

Response

Antares' communications with Golden Partners, LLC and its employees and agents, including Muriel Powell, concern the business and affairs of Golden Partners, LLC and thus are protected against disclosure by the accountant-client privilege.  Certain of these communications may involve private and confidential information of third parties, including employees and agents of Golden Partners, LLC, who have no connection to the subject matter of the pending lawsuit.  Taken literally, the Subpoena nevertheless would require Antares to retrieve and review all written and electronic communications with its client over a two-month period, including communications that do not involve the subject matter of the pending

claims, as Antares understands them, and the significant burden and expense of doing so outweighs any possible benefit the discovery may provide. Accordingly, in addition to its detailed, specific General Objections, which are incorporated herein by reference, Antares objects to this request on the grounds that (1) it seeks the production of documents that are protected against disclosure by the accountant-client privilege, (2) it seeks the production of documents containing private and confidential information of third parties, including employees or agents of Golden Partners, LLC, (3) it seeks the production of documents that contain or constitute confidential, private, proprietary or commercially sensitive information of Antares or Golden Partners, LLC without a sufficient showing of the relevance of such information and, if relevant, without the confidentiality of such information being protected by an appropriate confidentiality agreement, preferably in the form of a consent protective order, (4) it is overly broad and unduly burdensome and seeks the production of private and confidential documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence and (5) any production by Antares in response to the Subpoena prior to a ruling on Defendants' anticipated objections would be premature and improper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/Jill Warner |
| BROOKS & WARNER LLC | Michael E. Brooks |
| 1768 Century Boulevard NE, Suite B | Georgia Bar No. 084710 |
| Atlanta, Georgia  30345 | mbrooks@brooksandwarner.com |
| (404) 681-0720 – Brooks Direct | Jill Warner |
| (404) 681-0730 – Warner Direct | Georgia Bar No. 378472 |
| (404) 681-0780 – Fax | jwarner@brooksandwarner.com |
|  | Attorneys for Non-Party Antares Group, Inc. |

CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2019, I electronically filed the foregoing proposed NON-PARTY ANTARES GROUP, INC.'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

    Charles Ronald Bridgers, Esq.
    Matthew Wilson Herrington, Esq.
    DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC
    101 Marietta Street, Suite 2650
    Atlanta, Georgia  30303

    H. Eric Hilton, Esq.
    Allison C. Averbuch, Esq.
    Hall Booth Smith, P.C.
    191 Peachtree Street, N.E., Suite 2900
    Atlanta, Georgia  30303

                        /s/Jill Warner
                        Jill Warner

                        Attorney for Non-Party
                          Antares Group, Inc.