IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **JANICE BROWN,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. _____ |
| **GOLDEN PARTNERS, LLC, and MURIEL CROSBY POWELL,** | |
| **Defendant.** | Jury Trial Demanded |

## COMPLAINT

Plaintiff Janice Brown, by and through her attorneys, herein asserts claims against Defendants Golden Partners, LLC and Muriel Crosby Powell, showing the Court as follows:

### Introduction

1.

In this Fair Labor Standards Act action, 29 U.S.C. 201 *et seq*., Plaintiff seeks to recover due but unpaid minimum and overtime wages from Defendants, and for damages she sustained when Defendants retaliated against her for opposing Defendants' failure to pay overtime wages to their employees, and brings claims under Georgia state law for Malicious Prosecution (O.C.G.A. § 51-7-40) and

Intentional Infliction of Emotional Distress. Plaintiff seeks to recover her back wages, FLSA liquidated damages, compensatory damages, punitive damages, and reasonable attorney's fees and costs of litigation.

**Parties, Jurisdiction, and Venue**

2.

This Court has original jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because it raises a question of federal law.

3.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims form part of the same case or controversy as the federal claims.

4.

Plaintiff Brown is a natural person residing in Heard County, Georgia.

5.

Defendant Golden Partners, LLC (hereinafter "Golden Partners" or "the Company") is a domestic limited liability company and may be served with process via service on its registered agent, Muriel Powell, at 115 Astaire Manor, Fayetteville, Fayette County, Georgia 30214.

6.

Golden Partners is subject to the personal jurisdiction of this Court.

7.

Defendant Muriel Crosby Powell (hereinafter "Powell") is a natural person who

may be served with process at her residence in Fayette County, Georgia.

8.

Powell is subject to the personal jurisdiction of this Court.

9.

Venue properly lies in this division and district pursuant to 28 U.S.C. § 1391(b)-(c)

because a substantial portion of the events giving rise to this action occurred in

Fayette County, Georgia and Coweta County, Georgia, and because Defendants

reside within Fayette County, Georgia.

**Background**

10.

Golden Partners operates several McDonald's restaurant franchises in Fayetteville,

Georgia and Newnan, Georgia, including the location at 1425 Highway 29 South,

Newnan, GA 30263.

11.

Defendant Powell is the owner-operator of Golden Partners.

12.

Plaintiff Brown began working for Golden Partners as Store Manager at its

Newnan McDonald's location in mid-2016 and continued her employment until

she was terminated on January 11, 2017.

**FLSA Coverage and Employment Relationship**

13.

In 2016, Golden Partners had two or more "employees handling, selling or

otherwise working on goods or materials that have been moved in or produced for

commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.

In 2016, Golden Partners had an annual gross volume of sales made or business

done of not less than $500,000 (exclusive of excise taxes at the retail level that are

separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

In 2016, Golden Partners was an "enterprise engaged in commerce or in the

production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

16.

In 2017, Golden Partners had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

In 2017, Golden Partners had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

In 2017, Golden Partners was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

19.

At all relevant times, Golden Partners was Plaintiff Brown's "employer" within the meaning of 29 U.S.C. § 203(d).

20.

At all relevant times, Powell was also Plaintiff Brown's "employer" within the meaning of 29 U.S.C. § 203(d).

**Plaintiff's FLSA Non-Exempt Status**

21.

At all relevant times, Golden Partners compensated Plaintiff on an hourly basis.

22.

At all relevant times, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213(a).

23.

At all relevant times, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

24.

At all relevant times, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213(a).

25.

At all relevant times, Plaintiff was not exempt from the minimum wage requirements of the Fair Labor Standards Act under any exemption enumerated in 29 U.S.C. §§ 206 or 213.

26.

At all relevant times, Plaintiff was not exempt from the overtime wage

requirements of the Fair Labor Standards Act under any exemption enumerated in

29 U.S.C. §§ 207 or 213.

27.

At all relevant times, Golden Partners knew or should have known that Plaintiff

was not exempt from the minimum wage and overtime pay requirements of the

FLSA.

**Overtime Violation**

28.

At all relevant times, Plaintiff regularly worked in excess of 40 hours per week.

29.

At all relevant times, Golden Partners failed to compensate Plaintiff at the legally

required rate of one-and-one-half times her regular rate for all hours worked in

excess of 40 hours per week.

30.

Golden Partners' failure to compensate Plaintiff in accordance with the FLSA's

maximum hour provisions was "willful" within the meaning of 29 U.S.C. § 255

because the Company either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.

31.

Golden Partners' failure to compensate Plaintiff in accordance with the FLSA's maximum hour provisions was not done in "good faith" within the meaning of 29 U.S.C. §§ 259 or 260.

**Protected Activity**

32.

During the course of her employment, Plaintiff Brown learned that Golden Partners also failed to compensate other non-exempt employees at its Newnan McDonald's location in accordance with the FLSA's overtime wage requirements.

33.

In November 2016, Plaintiff contacted the U.S. Department of Labor's Wage & Hour Division regarding Defendants' failure to pay other non-exempt employees overtime wages.

34.

At the advice of the Wage & Hour Division, Plaintiff began gathering evidence of Defendants' FLSA overtime violations and communicated with several other

employees at the Newnan McDonalds regarding cooperation to recover unpaid wages.

**Retaliation and Malicious Prosecution**

35.

In early January 2017, Defendants learned of Plaintiff's communication with Wage & Hour and other employees regarding FLSA violations.

36.

On January 11, 2017, Defendant Powell contacted the Coweta County Sheriff's Office and reported a theft of over $2,000 from a store safe.

37.

Defendant Powell falsely reported to the investigating law enforcement officers that she had observed Plaintiff remove bags of money from a safe and on surveillance video.

38.

Defendant Powell showed cell phone video of surveillance footage—not the original surveillance footage—to the investigating officers.

39.

The video clip that Defendant Powell showed to the officers did not show Plaintiff removing anything from a safe.

40.

The investigating officers requested multiple times that Defendant Powell provide them with the original complete surveillance footage, but she failed to do so.

41.

Ultimately, Defendant Powell informed the investigating officers that the original surveillance video had been destroyed.

42.

Plaintiff did not steal any money from Defendants.

43.

On information and belief, no money was actually taken from Defendants' safe.

44.

Defendant Powell made the allegations of theft against Plaintiff with knowledge of their falsity.

45.

Defendant Powell made the false allegations of theft against Plaintiff in retaliation for her attempt to enforce her rights and the rights of other employees under the Fair Labor Standards Act.

46.

As a result of false statements made by Defendant Powell to the investigating officers, Plaintiff was charged with Theft by Taking, a felony, on February 23, 2017.

47.

Plaintiff was arrested on the Theft by Taking charge on September 20, 2017.

48.

Plaintiff was released from the Coweta County Jail on September 23, 2017.

49.

After Plaintiff refused to accept any and all plea deals and continued to assert her innocence, the Coweta County District Attorney nolle prossed the felony Theft by Taking charge against Plaintiff on or about April 30, 2018.

50.

On January 11, 2017, Defendant Powell also terminated Plaintiff's employment.

51.

Defendant Powell terminated Plaintiff's employment in retaliation for her attempt to enforce her rights and the rights of other employees under the Fair Labor Standards Act.

52.

As a result of her termination and prosecution based on the false, defamatory, and malicious statements of Defendant Powell, Plaintiff has suffered lost wages, depression, emotional distress, loss of enjoyment of life, and loss of liberty.

**Minimum Wage Violation**

53.

Following Plaintiff's termination, Defendants withheld her final paycheck and paid her no wages she earned in her final workweeks.

**COUNT ONE – FLSA RETALIATION
IN VIOLATION OF 29 U.S.C. § 215**

54.

The allegations in paragraphs 1 through 53 are restated here by reference.

55.

Plaintiff made a complaint to the U.S. Department of Labor's Wage & Hour Division regarding recovery of unpaid overtime wages from Defendants.

56.

Plaintiff attempted to coordinate with other of Defendants' employees to collect evidence and collectively recover unpaid overtime wages from Defendants.

57.

Plaintiff's above-described actions to recover unpaid overtime wages from Defendants were protected activities under 29 U.S.C. § 215(a)(3).

58.

Defendants terminated Plaintiff's employment because of her protected activities.

59.

Defendants made an intentionally false and malicious accusation of theft by Plaintiff to law enforcement because of Plaintiff's protected activities.

60.

A reasonable employee would be dissuaded from asserting her rights under the FLSA due to the above-described retaliatory actions.

61.

As a direct and foreseeable result of Defendants' unlawful retaliation, Plaintiff has suffered loss of the income and benefits of employment, emotional distress, mental anguish, loss of enjoyment of life, loss of liberty, and other damages.

62.

As a result of the damages caused by Defendants' unlawful retaliatory actions, Plaintiff is entitled to a judgment against Defendants under 29 U.S.C. § 215(a)(3), jointly and severally, in amount to be proven at trial.

63.

Because Defendants' retaliatory actions were malicious and willful, Plaintiff is entitled to recovery of FLSA liquidated damages from Defendants, jointly and severally.

64.

Plaintiff is entitled to recover her costs of litigation, including her reasonable attorney's fees, pursuant to 29 U.S.C. § 216(c).

## COUNT TWO – MALICIOUS PROSECUTION IN VIOLATION OF O.C.G.A. § 51-7-40

65.

The allegations in paragraphs 1 through 53 are restated here by reference.

66.

Defendants instigated Plaintiff's prosecution for the criminal offense of Felony Theft by Taking by making false statements to officers of the Coweta County Sheriff's Department.

67.

Plaintiff's prosecution was instigated under a valid warrant, accusation, or summons.

68.

Plaintiff's prosecution was terminated in Plaintiff's favor by entry of a *nolle prosequi*.

69.

Defendants acted with malice when they made false statements and instigated Plaintiff's criminal prosecution.

70.

No probable cause to criminally charge Plaintiff existed absent the Defendants' knowingly false statements to law enforcement.

71.

Plaintiff has suffered damages as a result of the criminal prosecution instigated by Defendants, including but not limited to loss of income and benefits of employment, emotional distress, mental anguish, loss of enjoyment of life, loss of liberty, and other damages.

72.

Plaintiff is entitled to a judgment against Defendants pursuant to O.C.G.A. § 51-7-40 in an amount to be determined at trial.

## COUNT THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73.

The allegations in paragraphs 1 through 53 are restated here by reference.

74.

Defendants intentionally made knowingly false statements to law enforcement officers to instigate and procure the criminal prosecution of Plaintiff.

75.

Plaintiff was in fact prosecuted on felony charges and held in police custody for multiple days as a direct and foreseeable result of Defendants' false statements to law enforcement.

76.

As a direct and foreseeable result of Defendants' false statements to law enforcement, Plaintiff has suffered severe depression, anxiety, stress, humiliation, embarrassment, fright, and extreme outrage in connection with her incarceration, criminal prosecution, and loss of employment of life.

## COUNT FOUR – FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF 29 U.S.C. §§ 206 AND 215

77.

The allegations in paragraphs 1 through 53 are restated here by reference.

78.

Defendants were required to compensate Plaintiff at the rate of no less than $7.25 per hour worked.

79.

Defendants withheld Plaintiff's final paycheck and refused to compensate her at all for work she performed during her final two workweeks.

80.

Defendants violated 29 U.S.C. § 206 by failing to compensate Plaintiff at a rate of no less than $7.25 per hour for work performed in her final two weeks of employment.

81.

Defendants' violation of 29 U.S.C. § 206 was willful within the meaning of 29 U.S.C. § 255.

82.

Plaintiff is entitled to recover $7.25 per hour in unpaid minimum wage for each hour worked during her final two weeks of employment by Defendants, liquidated damages in an amount equal to her unpaid minimum wages, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT FIVE – FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF 29 U.S.C. §§ 207 AND 215

83.

The allegations in paragraphs 1 through 53 are restated here by reference.

84.

Throughout their employment by Defendants, Plaintiff regularly worked in excess of 40 hours per week.

85.

Defendants were required to pay Plaintiff at the rate of one-and-one-half times her regular rate for all hours worked in excess of 40 hours in each workweek.

86.

Defendants failed to compensate Plaintiff at the legally required overtime rate for all hours worked in excess of 40 hours per week in each workweek.

87.

Defendants' failure to compensate Plaintiff at the overtime rate of one-and-one-half times her regular hourly rate for all hours worked over 40 hours per week is a violation of 29 U.S.C. § 207.

88.

Defendants' violation of 29 U.S.C. § 207 was willful within the meaning of 29 U.S.C. § 255.

89.

Plaintiff is entitled to receive their unpaid overtime wages, liquidated damages in an amount equal to her unpaid overtime wages, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**COUNT SIX – ATTORNEY'S FEES PURSUANT TO O.C.G.A. § 13-6-11**

90.

The allegations in paragraphs 1 through 53 are restated here by reference.

91.

Defendants' actions were taken in bad faith, were stubbornly litigious, and caused Plaintiff unnecessary trouble and expense in violation of O.C.G.A. § 13-6-11 for which Defendants are liable to Plaintiff for her reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff requests that this Court:

(a)    Grant a trial by jury as to all matters properly triable to a jury;

(b)    Issue a judgment declaring that Plaintiff was covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(c)   Award Plaintiff her due but unpaid minimum wages;

(d)   Award Plaintiff liquidated damages equaling 100% of the due but unpaid minimum wages;

(e)   Award Plaintiff her due but unpaid overtime wages;

(f)   Award Plaintiff liquidated damages equaling 100% of her due but unpaid overtime wages;

(g)   Award Plaintiff prejudgment interest on all amounts owed, to the extent that liquidated damages are not awarded;

(h)   Award Plaintiff nominal damages;

(i)   Award Plaintiff compensatory damages;

(j)   Award Plaintiff punitive damages;

(k)   Award Plaintiff special damages;

(l)   Award Plaintiff her costs of litigation and reasonable attorney's fees, including for state law claims pursuant to O.C.G.A. § 13-6-11; and

(m)   Award any and such other further relief that is just, equitable, and proper.

This 5th day of February 2019.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411

**Counsel for Plaintiff**