IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| **JANICE BROWN, TIFFANY CHILDS, JOSHUAN COLLINS, JEREMY WHITE, and ANTHONY CLEVELAND, JR.** | | |
| **Plaintiffs,** | | |
| **vs.** | | Civil Action No. 3:19-cv-16-TCB |
| **GOLDEN PARTNERS, LLC, and MURIEL CROSBY POWELL,** | | |
| **Defendant.** | | Jury Trial Demanded |

---

### FIRST AMENDED COMPLAINT

---

Plaintiffs Janice Brown, Tiffany Childs, Joshuan Collins, Jeremy White, and

Anthony Cleveland, Jr. file this First Amended Complaint pursuant to Fed. R. Civ.

P. 15(a)(1)(a), showing the Court as follows:

### Introduction

1.

In this Fair Labor Standards Act action, 29 U.S.C. 201 *et seq*., all Plaintiffs seek to

recover due but unpaid overtime wages from Defendants.

- 1 -

2.

Plaintiff Brown also seeks to recover due but unpaid minimum wages from Defendants, and to recover damages she sustained when Defendants retaliated against her for opposing Defendants' failure to pay overtime wages to their employees, bringing claims under Georgia state law for Malicious Prosecution (O.C.G.A. § 51-7-40) and Intentional Infliction of Emotional Distress.

3.

Plaintiff Brown further seeks to recover compensatory damages, punitive damages.

4.

All Plaintiffs seek to recover liquidated damages under the Fair Labor Standards Act as well as their costs of litigation, including their reasonable attorney's fees.

**Parties, Jurisdiction, and Venue**

5.

This Court has original jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because it raises a question of federal law.

6.

This Court has supplemental jurisdiction over Plaintiff Brown's state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims form part of the same case or controversy as the federal claims.

7.

Plaintiff Brown is a natural person residing in Heard County, Georgia.

8.

Plaintiff Childs is a natural person residing in Coweta County, Georgia.

9.

Plaintiff Collins is a natural person residing in Coweta County, Georgia.

10.

Plaintiff White is a natural person residing in Coweta County, Georgia.

11.

Plaintiff Cleveland is a natural person residing in Coweta County, Georgia.

12.

Defendant Golden Partners, LLC (hereinafter "Golden Partners" or "the Company") is a domestic limited liability company and may be served with process via service on its registered agent, Muriel Powell, at 115 Astaire Manor, Fayetteville, Fayette County, Georgia 30214.

13.

Golden Partners is subject to the personal jurisdiction of this Court.

14.

Defendant Muriel Crosby Powell is a natural person who may be served with

process at her residence in Fayette County, Georgia.

15.

Powell is subject to the personal jurisdiction of this Court.

16.

Venue properly lies in this division and district pursuant to 28 U.S.C. § 1391(b)-(c)

because a substantial portion of the events giving rise to this action occurred in

Fayette County, Georgia and Coweta County, Georgia, and because Defendants

reside within Fayette County, Georgia.

**Background**

17.

Golden Partners operates several McDonald's restaurant franchises in Fayetteville,

Georgia and Newnan, Georgia, including the location at 1425 Highway 29 South,

Newnan, GA 30263.

18.

Defendant Powell is the owner-operator of Golden Partners.

19.

Plaintiff Brown began working for Golden Partners as Store Manager at its

Newnan McDonald's location in mid-2016 and continued her employment until

she was terminated on January 11, 2017.

20.

Plaintiff Childs worked for Golden Partners as a cashier from December 2, 2014

through 2016; as a crew trainer from approximately 2017 until January 2019; and

as a Manager from February 2019 through the present date.

21.

Plaintiff Collins worked for Golden Partners as a crew member from February 15,

2015 through 2016; as a crew chief from March 2016 until April 2016; and as a

grill head from April 2016 until January 2017.

22.

Plaintiff White worked for Golden Partners as a crew member from March 2015

until April 21, 2017.

23.

Plaintiff Cleveland worked for Golden Partners as a crew member from October

2016 through February 2017.

## FLSA Coverage and Employment Relationship

24.

In 2016, Golden Partners had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

In 2016, Golden Partners had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

In 2016, Golden Partners was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

27.

In 2017, Golden Partners had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

In 2017, Golden Partners had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

In 2017, Golden Partners was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

30.

In 2018, Golden Partners had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

In 2018, Golden Partners had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

In 2018, Golden Partners was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

33.

In 2019, Golden Partners had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.

In 2019, Golden Partners had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

In 2019, Golden Partners was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

36.

At all relevant times, Golden Partners was Plaintiff Brown's "employer" within the meaning of 29 U.S.C. § 203(d).

37.

At all relevant times, Golden Partners was Plaintiff Child's "employer" within the meaning of 29 U.S.C. § 203(d).

38.

At all relevant times, Golden Partners was Plaintiff Collins' "employer" within the meaning of 29 U.S.C. § 203(d).

39.

At all relevant times, Golden Partners was Plaintiff White's "employer" within the meaning of 29 U.S.C. § 203(d).

40.

At all relevant times, Golden Partners was Plaintiff Cleveland's "employer" within the meaning of 29 U.S.C. § 203(d).

**Individual Liability Under the FLSA**

41.

At all relevant times, Powell was an owner-operator of the McDonald's franchise locations at which Plaintiffs worked.

42.

At all relevant times, Powell was involved in the day-to-day operations of Golden Partners.

43.

At all relevant times, Powell was an owner and operator for Golden Partners for whom Plaintiffs worked.

44.

At all relevant times, Powell exercised operational control over the work activities of Plaintiffs.

45.

At all relevant times, Powell had supervisory authority over Plaintiffs.

46.

At all relevant times, Powell scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

47.

At all relevant times, Powell exercised authority over Plaintiffs' compensation.

48.

At all relevant times, Powell was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d).

**Plaintiff's FLSA Non-Exempt Status**

49.

At all relevant times, Golden Partners compensated Plaintiffs on an hourly basis.

50.

At all relevant times, none of the Plaintiffs were employed in a bona fide professional capacity within the meaning of 29 USC § 213(a).

51.

At all relevant times, none of the Plaintiffs were employed in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

52.

At all relevant times, none of the Plaintiffs were employed in a bona fide executive capacity within the meaning of 29 USC § 213(a).

53.

At all relevant times, Plaintiff Brown was not exempt from the minimum wage requirements of the Fair Labor Standards Act.

54.

At all relevant times, Plaintiffs were not exempt from the maximum hour requirements of the Fair Labor Standards Act.

**Overtime Violation**

55.

At all relevant times, Plaintiffs regularly worked in excess of 40 hours per week.

56.

At all relevant times, the Company was aware of the actual hours that Plaintiffs

worked during each work week**.**

57.

At all relevant times, the Company failed to compensate Plaintiffs at the legally

required rate of one-and-one-half times their regular rate for all hours worked in

excess of 40 hours per week.

58.

The Company regularly truncated the hours that Plaintiffs were recorded as

working.

59.

The Company frequently paid Plaintiffs for hours worked in excess of 40 hours per

week at their regular hourly rates or at some lower rates, rather than at one-and-

one-half times their regular hourly rates. The Company made these payments

through gift cards so that they payments would not appear on payroll.

60.

The Company regularly required Plaintiffs to work through their shifts without

breaks but automatically deducted a half-hour of time and wages for each shift.

61.

The Company's failure to compensate Plaintiffs in accordance with the FLSA's maximum hour provisions was "willful" within the meaning of 29 U.S.C. § 255 because the Company either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.

**Protected Activity**

62.

During the course of her employment, Plaintiff Brown learned that Golden Partners also failed to compensate other non-exempt employees at its Newnan McDonald's location in accordance with the FLSA's overtime wage requirements.

63.

In November 2016, Plaintiff Brown contacted the U.S. Department of Labor's Wage & Hour Division regarding Defendants' failure to pay other non-exempt employees overtime wages.

64.

At the advice of the Wage & Hour Division, Plaintiff Brown began gathering evidence of Defendants' FLSA overtime violations and communicated with several other employees at the Newnan McDonalds regarding cooperation to recover unpaid wages.

**Retaliation and Malicious Prosecution**

65.

In early January 2017, Defendants learned of Plaintiff Brown's communication with Wage & Hour and other employees regarding FLSA violations.

66.

On January 11, 2017, Defendant Powell contacted the Coweta County Sheriff's Office and reported a theft of over $2,000 from a store safe.

67.

Defendant Powell falsely reported to the investigating law enforcement officers that she had observed Plaintiff Brown remove bags of money from a safe and on surveillance video.

68.

Defendant Powell showed cell phone video of surveillance footage—not the original surveillance footage—to the investigating officers.

69.

The video clip that Defendant Powell showed to the officers did not show Plaintiff Brown removing anything from a safe.

70.

The investigating officers requested multiple times that Defendant Powell provide them with the original complete surveillance footage, but she failed to do so.

71.

Ultimately, Defendant Powell informed the investigating officers that the original surveillance video had been destroyed.

72.

Plaintiff Brown did not steal any money from Defendants.

73.

On information and belief, no money was actually taken from Defendants' safe.

74.

Defendant Powell made the allegations of theft against Plaintiff Brown with knowledge of their falsity.

75.

Defendant Powell made the false allegations of theft against Plaintiff Brown in retaliation for her attempt to enforce her rights and the rights of other employees under the Fair Labor Standards Act.

76.

As a result of false statements made by Defendant Powell to the investigating

officers, Plaintiff Brown was charged with Theft by Taking, a felony, on February

23, 2017.

77.

Plaintiff Brown was arrested on the Theft by Taking charge on September 20,

2017.

78.

Plaintiff Brown was released from the Coweta County Jail on September 23, 2017.

79.

After Plaintiff Brown refused to accept any and all plea deals and continued to

assert her innocence, the Coweta County District Attorney nolle prossed the felony

Theft by Taking charge against Plaintiff Brown on or about April 30, 2018.

80.

On January 11, 2017, Defendant Powell also terminated Plaintiff Brown's

employment.

81.

Defendant Powell terminated Plaintiff Brown's employment in retaliation for her attempt to enforce her rights and the rights of other employees under the Fair Labor Standards Act.

82.

As a result of her termination and prosecution based on the false, defamatory, and malicious statements of Defendant Powell, Plaintiff Brown has suffered lost wages, depression, emotional distress, loss of enjoyment of life, and loss of liberty.

**Minimum Wage Violation**

83.

Following Plaintiff Brown's termination, Defendants withheld her final paycheck and paid her none of the wages she earned in her final workweeks.

**COUNT ONE – FLSA RETALIATION AS TO PLAINTIFF BROWN
IN VIOLATION OF 29 U.S.C. § 215**

84.

Plaintiff Brown made a complaint to the U.S. Department of Labor's Wage & Hour Division regarding recovery of unpaid overtime wages from Defendants.

85.

Plaintiff Brown attempted to coordinate with other of Defendants' employees to collect evidence and collectively recover unpaid overtime wages from Defendants.

86.

Plaintiff Brown's above-described actions to recover unpaid overtime wages from Defendants were protected activities under 29 U.S.C. § 215(a)(3).

87.

Defendants terminated Plaintiff Brown's employment because of her protected activities.

88.

Defendants made an intentionally false and malicious accusation of theft by Plaintiff Brown to law enforcement because of Plaintiff Brown's protected activities.

89.

A reasonable employee would be dissuaded from asserting her rights under the FLSA due to the above-described retaliatory actions.

90.

As a direct and foreseeable result of Defendants' unlawful retaliation, Plaintiff Brown has suffered loss of the income and benefits of employment, emotional distress, mental anguish, loss of enjoyment of life, loss of liberty, and other damages.

91.

As a result of the damages caused by Defendants' unlawful retaliatory actions, Plaintiff Brown is entitled to a judgment against Defendants under 29 U.S.C. § 215(a)(3), jointly and severally, in amount to be proven at trial.

92.

Plaintiff Brown is entitled to recovery of FLSA liquidated damages from Defendants, jointly and severally.

93.

Plaintiff Brown is entitled to recover her costs of litigation, including her reasonable attorney's fees, pursuant to 29 U.S.C. § 216(c).

**COUNT TWO – MALICIOUS PROSECUTION AS TO PLAINTIFF BROWN IN VIOLATION OF O.C.G.A. § 51-7-40**

94.

Defendants instigated Plaintiff Brown's prosecution for the criminal offense of Felony Theft by Taking by making false statements to officers of the Coweta County Sheriff's Department.

95.

Plaintiff Brown's prosecution was instigated under a valid warrant, accusation, or summons.

96.

Plaintiff Brown's prosecution was terminated in Plaintiff Brown's favor by entry

of a *nolle prosequi*.

97.

Defendants acted with malice when they made false statements and instigated

Plaintiff Brown's criminal prosecution.

98.

No probable cause to criminally charge Plaintiff Brown existed absent the

Defendants' knowingly false statements to law enforcement.

99.

Plaintiff Brown has suffered damages as a result of the criminal prosecution

instigated by Defendants, including but not limited to loss of income and benefits

of employment, emotional distress, mental anguish, loss of enjoyment of life, loss

of liberty, and other damages.

100.

Plaintiff Brown is entitled to a judgment against Defendants pursuant to O.C.G.A.

§ 51-7-40 in an amount to be determined at trial.

## COUNT THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO PLAINTIFF BROWN

### 101.

Defendants intentionally made knowingly false statements to law enforcement officers to instigate and procure the criminal prosecution of Plaintiff Brown.

### 102.

Plaintiff Brown was in fact prosecuted on felony charges and held in police custody for multiple days as a direct and foreseeable result of Defendants' false statements to law enforcement.

### 103.

As a direct and foreseeable result of Defendants' false statements to law enforcement, Plaintiff Brown has suffered severe depression, anxiety, stress, humiliation, embarrassment, fright, and extreme outrage in connection with her incarceration, criminal prosecution, and loss of employment of life.

## COUNT FOUR – FAILURE TO PAY MINIMUM WAGES TO PLAINTIFF BROWN IN VIOLATION OF 29 U.S.C. §§ 206 AND 215

### 104.

Defendants were required to compensate Plaintiff Brown at the rate of no less than $7.25 per hour worked.

105.

Defendants withheld Plaintiff Brown's final paycheck and refused to compensate

her at all for work she performed during her final two workweeks.

106.

Defendants violated 29 U.S.C. § 206 by failing to compensate Plaintiff Brown at a

rate of no less than $7.25 per hour for work performed in her final two weeks of

employment.

107.

Defendants' violation of 29 U.S.C. § 206 was willful within the meaning of 29

U.S.C. § 255.

108.

Plaintiff Brown is entitled to recover $7.25 per hour in unpaid minimum wage for

each hour worked during her final two weeks of employment by Defendants,

liquidated damages in an amount equal to her unpaid minimum wages,

prejudgment interest to the extent that liquidated damages are not awarded,

nominal damages, and reasonable attorney's fees and expenses of litigation,

pursuant to 29 U.S.C. § 216.

## COUNT FIVE – FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF 29 U.S.C. §§ 207 AND 215

109.

At all relevant times, Plaintiffs regularly worked in excess of 40 hours per week.

110.

Defendants were required to compensate Plaintiffs at the rate of one-and-one-half times their regular hourly rates for all hours worked in excess of 40 hours in each workweek.

111.

Defendants failed to compensate Plaintiffs at the rate of one-and-one-half times their regular hourly rates for all hours worked in excess of 40 hours per week in each workweek.

112.

Defendants' failure to compensate Plaintiffs at the rate of one-and-one-half times their regular hourly rates for all hours worked over 40 hours per week is a violation of 29 U.S.C. § 207.

113.

Defendants' violation of 29 U.S.C. § 207 was willful within the meaning of 29 U.S.C. § 255.

114.

Plaintiffs is entitled to receive their unpaid overtime wages, liquidated damages in an amount equal to their unpaid overtime wages, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages, and their costs of litigation, including reasonable attorney's fees, pursuant to 29 U.S.C. § 216.

**COUNT SIX – ATTORNEY'S FEES PURSUANT TO O.C.G.A. § 13-6-11**

115.

Defendants' actions were taken in bad faith, were stubbornly litigious, and caused Plaintiff Browns unnecessary trouble and expense in violation of O.C.G.A. § 13-6-11 for which Defendants are liable to Plaintiff Brown for her reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiffs request that this Court:

(a)   Grant a trial by jury as to all matters properly triable to a jury;

(b)   Issue a judgment declaring that Plaintiffs were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(c)   Award Plaintiff Brown her due but unpaid minimum wages;

(d)   Award Plaintiff Brown liquidated damages equaling 100% of the due but unpaid minimum wages;

(e)   Award Plaintiffs their due but unpaid overtime wages;

(f)   Award Plaintiffs liquidated damages equaling 100% of their due but unpaid overtime wages;

(g)   Award Plaintiffs prejudgment interest on all amounts owed, to the extent that liquidated damages are not awarded;

(h)   Award Plaintiffs nominal damages;

(i)   Award Plaintiff Brown compensatory damages;

(j)   Award Plaintiff Brown punitive damages;

(k)   Award Plaintiff Brown special damages;

(l)   Award Plaintiffs their costs of litigation and reasonable attorney's fees, including for state law claims and pursuant to O.C.G.A. § 13-6-11; and

(m)   Award any and such other further relief that is just, equitable, and proper.

This 22nd day of May 2019.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411

**Counsel for Plaintiffs**