## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

JANICE BROWN, TIFFANY CHILDS
and JOSHUAN COLLINS,

      Plaintiff

v.

GOLDEN PARTNERS, LLC, and
MURIEL CROSBY POWELL,

      Defendants

CIVIL ACTION NO.
3:19-CV-16-TCB

---

## DEFENDANTS GOLDEN PARTNERS, LLC AND
## MURIEL CROSBY POWELL'S AMENDED AND SUPPLEMENTAL
## INITIAL DISCLOSURES

COME NOW, **GOLDEN PARTNERS, LLC** and **MURIEL CROSBY POWELL**, in her individual and official capacities, named as Defendants in the above-captioned matter ("Defendants"), and hereby supplement their initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(A):

### PRELIMINARY STATEMENT

These initial disclosures are based on information reasonably available to Defendants at this time. Defendants reserve the right to make supplemental and subsequent disclosures as information becomes available in the course of investigation and discovery.

In making their initial disclosures, Defendants do not waive any objections based on relevance, materiality, competence, privilege, immunity from disclosure, trade secret, or any other grounds.

(1)     If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE**:  **Defendants are properly identified.**

(2)     Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**RESPONSE**:  **At this time, Defendants are unaware of any necessary parties to the action that have not been named.**

(3)     Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**RESPONSE**:  **Based on Defendants' preliminary investigation of the facts asserted in Plaintiff's Complaint, Defendant asserts that Plaintiff was properly compensated for all periods of employment and that no**

adverse employment action was taken against plaintiff for asserting any protected rights under the law. Defendants' preliminary investigation also reveals that Plaintiff engaged in misconduct which resulted in her employment separation and Plaintiff acknowledged the same in writing. Defendants further state that any decision to involve law enforcement in the investigation of any potential criminal activity was based on legitimate and good faith factors and supported by information available to Defendants. Defendants are did not engage in any extreme and outrageous conduct supporting a claim for the intentional infliction of emotional distress and Plaintiff is not entitled to attorneys fees or punitive damages. As discovery has just commenced in this matter, Defendants reserve the right to update and amend this response as discovery proceeds.

<u>SUPPLEMENTAL RESPONSE</u>

None of the Plaintiffs have provided the required documentary or other evidence to support their claims under the FLSA in accordance with the Court's Standing Order.

(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**RESPONSE: Defendants, state they intend to rely upon Georgia state caselaw and federal law, including but not limited to the following:**

- **Fair Labor Standards Act provisions and caselaw regarding payment of minimum wages, payment of overtime wages, and retaliation, including 29 U.S.C. §§ 206, 207, 215 and 216;**

- **Georgia statutes and caselaw regarding malicious prosecution, including O.C.G.A. § 51-7-40;**

- **Georgia case law concerning intentional infliction of emotion distress;**

- **Georgia statutes regarding payment of attorney's fees including O.C.G.A. § 13-6-11;**

- **Damages: O.C.G.A. § 51-12-5.1, Georgia's common law principles involving damages, and related case law;**

(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the

subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE: See Attachment "A."**

(6)   Provide the name of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**RESPONSE:   Defendants have not yet identified an expert that they expect will testify at trial. This response will be supplemented as necessary.**

**SUPPLEMENTAL RESPONSE: Defendants hereby identify Arthur T. Anthony, Certified Forensic Handwriting and Document Examiner as an expert witness. Mr. Anthony's CV is affixed hereto as Attachment B. Defendants will supplement their expert disclosure to provide the additional information required by Fed.R.Civ.P. 26(a)(2)(B).**

(7)   Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support

your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE: See Attachment "C."**

(8)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:  Defendants are not claiming damages, but as permitted by law, will seek recovery of the fees and expenses incurred in this action.**

(9)     If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:** Defendants state that because discovery has just commenced in this cause of action, they are unable to identify all persons or legal entities that may be liable in this matter at this time. Defendants will supplement this response in accordance with the Federal Rules of Civil Procedure.

**SUPPLEMENTAL RESPONSE:** None.

(10)  Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:** At this time, the Defendants are aware of the following agreement: RSUI Policy No. NHP675274-1000027433. Defendants will make this document available for inspection and copying at a mutually agreeable date, time, and location.

*[Remainder of page intentionally left blank.]*

Respectfully submitted this 20th day of November, 2019.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
ehilton@hallboothsmith.com
aaverbuch@hallboothsmith.com

*/s/ H. Eric Hilton*
H.  Eric Hilton
Georgia Bar No. 355417
ALLISON C. AVERBUCH
Georgia Bar No. 275988

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

JANICE BROWN, TIFFANY CHILDS
and JOSHUAN COLLINS,

     Plaintiff

v.

GOLDEN PARTNERS, LLC, and
MURIEL CROSBY POWELL,

     Defendants

CIVIL ACTION NO.
3:19-CV-16-TCB

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document was prepared using Times New Roman 14-point font, one of the fonts and typeface sizes allowed under Rule 5.1.

Pursuant to L.R. 26.3(a), I hereby certify that I have this day caused to be served a copy of Defendants' Amended and Supplemental Initial Disclosures by U.S. Mail, postage pre-paid and electronic mail on the following counsel of record:

Charles Bridgers, Esq.
Matthew W. Herrington, Esq.
101 Marietta Street, NW
Suite 3100
Atlanta, Georgia 30303

I further certify that I electronically filed this Certificate of Service with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to said counsel.

Respectfully submitted this 20th day of November, 2019.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
ehilton@hallboothsmith.com
aaverbuch@hallboothsmith.com

*/s/ H. Eric Hilton*
H.  Eric Hilton
Georgia Bar No. 355417
ALLISON C. AVERBUCH
Georgia Bar No. 275988

*Counsel for Defendants*